UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ETHAN R SMITH,<br><br>    Plaintiff,<br><br>v.<br><br>ASTON MARTIN LAGONDA OF NORTH AMERICA, INC.,<br><br>    Defendant. | Case No. 2:25-cv-07838-SB-AJR<br><br>ORDER GRANTING MOTION TO REMAND [DKT. NO. 18] AND DENYING REQUEST FOR ATTORNEY'S FEES |

    Defendant Aston Martin Lagonda of North America, Inc. removed this lemon law case, invoking diversity jurisdiction. Plaintiff Ethan Smith moves to remand. Dkt. No. 18. The Court finds this matter suitable for decision without oral argument and vacates the October 17 motion hearing. Fed. R. Civ. P. 78; L.R. 7-15. The motion is granted.

    Federal courts are presumed to lack jurisdiction, and a removing defendant bears the burden of establishing that removal is proper. *Lake v. Ohana Mil. Communities, LLC*, 14 F.4th 993, 1000 (9th Cir. 2021). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

    Defendant's contention that the amount in controversy exceeds $75,000 depends on its assertion that Plaintiff's actual damages are $33,128.67—the total due under the lease. But $10,500 of that total consisted of manufacturer's rebates not paid by Plaintiff, which Defendant does not address, let alone show that Plaintiff could potentially recover. Nor does Defendant address the statutory mileage offset, which Plaintiff asserts is approximately $2,000. Defendant also fails to address Plaintiff's undisputed assertion that he has only paid a total of $18,745.73 on the vehicle and that the total lease price was less than $23,000, from

which the mileage offset will be deducted.  Thus, it appears that Plaintiff's actual damages are at most approximately $20,000.  Even assuming that the maximum statutory penalties applied—an assumption Plaintiff disputes—that would bring Plaintiff's maximum recovery to $60,000, far short of the $75,000 threshold.  And while Defendant has identified other lemon law cases with large attorney's fee awards, it has not shown that a similar award would be warranted here.  Defendant's failure to address these issues and its use of an incorrect damages figure as the predicate for its calculations raise at least some doubt as to whether the jurisdictional threshold is met.  Because Defendant has not met its burden to show that removal was proper, Plaintiff's motion to remand is granted, and the case is remanded to the Los Angeles County Superior Court.

      In his reply, Plaintiff requests an award of attorney's fees under 28 U.S.C. § 1447(c).  In light of Plaintiff's own conduct in this case—including raising a baseless challenge to the existence of diversity—the Court declines to exercise its discretion to award fees.

Date: October 9, 2025

                    Stanley Blumenfeld, Jr.
                    United States District Judge